## No. 4096.

### STATE OF LOUISIANA ex rel. BOARD OF TRUSTEES OF STRAIGHT UNIVERSITY *v.* JAMES GRAHAM, Auditor.

The Straight University is not a public institution of learning in contemplation of article 140 of the State constitution.

A public institution of learning would. be one which is controlled by the State through its agents, and in which the State would have a paramount interest and right of property, and which would depend upon the State for its existence.

The Straight University was incorporated under the general statutes of the State as a private corporation. It is controlled by a board of trustees, who are only responsible for their management to certain private individuals. The State, through its officers or otherwise, exercises no control or direction over the university, nor has it any voice as to the manner in which it shall be conducted. It is not therefore a public institution of learning, and the constitutional objection to the appropriation made by the Legislature in its favor must prevail.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble,* J. *John B. Howard, Roselius & Phillips,* for relators. *S. Belden,* Attorney General, and *Hornor & Benedict,* for respondent.

TALIAFERRO, J. The relators applied to the Eighth District Court

for a mandamus against the State Auditor, to compel him to issue to them warrants to the amount of $35,000, that sum having been appropriated by the State in aid of the institution represented by them, but they allege that through the refusal of the Auditor to issue to them warrants upon the Treasurer for its payment they have been unable to· obtain it. A rule *nisi* was granted, and the Auditor answered that the act of the Legislature appropriating $35,000 to the Straight University is in violation of that article of the State constitution which forbids. the Legislature to make appropriations for the support of any private school or any private institution of learning whatever, and he alleges the Straight University is a private institution of learning.

The rule was made absolute and a peremptory order rendered commanding the Auditor to issue the warrants as required by the relators. From this order an appeal was taken.

By the seventh section of the act of the General Assembly, approved on the ninth of March, 1870, numbered eighty-one, it is provided "that the sum of thirty-five thousand dollars be and the same is hereby appropriated to the 'Straight University' for the use of the medical department, to construct suitable buildings, and secure illustrations of· medical science; and that the said sum be paid to the order of the Board of Trustees on the warrant of the Auditor of Public Accounts from the· treasury of the State; *provided* [that in consideration of the] State aid rendered this department the faculty shall receive one indigent student from each parish free from charge for tuition, which obligation shall· continue for ten years, said students to be nominated by the trustees of the university."

The relators aver that this appropriation was made in consideration of the agreement on their part to receive one indigent student from each parish of the State and furnish their tuition free; that they have received about thirty students of that class, and are willing and prepared to carry out the agreement on their part.

The President of the Board of Trustees was examined as a witness. He stated that the number of students in the university was over six. hundred; that not more than thirty or thirty-five of these were indigent students; that all of them except the indigent ones pay their own· expenses; that he regards the institution as self-sustaining; that donations have been made to it by individuals; that the appropriation made by the State was not intended to aid in founding the institution,, but to aid it in erecting buildings and in procuring the needed philoso-. phical apparatus.

The only question to be examined is one of fact. Is the Straight University a public institution of learning in contemplation of article one hundred and forty of the State constitution ? A public institution of learning, it appears to us, would be one which is controlled by the

State through its agents, and in which the State would have the paramount interest and right of property and which would depend for its existence upon the State.

In the celebrated case of Dartmouth College v. Woodward, 4 Wheaton's Reports, pages 635 to 638, Chief Justice Marshall said, in discussing the character of Dartmouth College: "Are the trustees and professors invested with any portion of political power, partaking in any degree in the administration of civil government and performing duties which flow from the sovereign authority? That education is an object of national concern and a proper spirit of legislation, all admit. That there may be an institution founded by government and placed entirely under its immediate control, the officers of which would be public officers, amenable exclusively to government, none will deny. But is Dartmouth College such an institution? Is education altogether in the hands of government? Does every teacher of youth become a public officer? And do donations for the purpose of education necessarily become public property, so far as the will of the Legislature, not the will of the donor, becomes the law of the donation? These questions are of serious moment to society, and deserve to be well considered."

After a review of the charter of Dartmouth College, Judge Marshall proceeds:

"Dartmouth College is an eleemosynary institution, incorporated for the purpose of perpetuating the application of the bounty of the donors to the specified object of that bounty; that its trustees or governors were originally named by the founder and invested with the power of perpetuating themselves; that they are not public officers, nor is it a civil institution, participating in the administration of government, but a charity school, or a summary of education, incorporated for the preservation of its property and the perpetual application of that property to the objects of its creation."

We conclude that the constitutional objection named in this case must prevail. The Straight University was incorporated under the general statutes of the State as a private corporation. It is controlled by a board of trustees who are only responsible for their management to certain private individuals. The State, through its officers or otherwise, exercises no control or direction over the university, nor has it any voice as to the manner in which it shall be conducted. It is not bound to accept any indigent students unless the State extends aid to the institution. We see no force in the argument of the relators that, because the Legislature in the act making the appropriation, designated the various departments of which the university shall be composed; it is therefore a public institution of learning and capable of receiving the appropriation.

State of Louisiana ex rel. Board of Trustees of Straight University v. Graham, Auditor.

It is therefore ordered and adjudged that the decree of the District Court making the mandamus peremptory, be annulled, avoided and reversed. It is further ordered that there be judgment in favor of defendant discharging the rule at relators' costs.

Rehearing refused.